IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIC DANIEL MONTOYA,

    Plaintiff,

v.                                                              No. CV 14-863 SCY

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

**ORDER**

    THIS MATTER comes before the Court on Plaintiff's Motion to Reconsider. ECF No. 31. On January 21, 2016, the Court dismissed Plaintiff's case without prejudice due to Plaintiff's failure to comply with the Court's orders and his failure to prosecute the case. ECF No. 29. Subsequently, on February 12, 2016, Plaintiff filed the motion for reconsideration in which he requested that his case be reopened. ECF No. 31. For the following reasons, Plaintiff's motion will be DENIED.

    This case was initially filed on September 23, 2014. ECF No. 1. At the time of filing the complaint, Plaintiff was represented by counsel. The Court's first briefing schedule was entered on March 16, 2015 and ordered Plaintiff to file the motion to remand by May 18, 2015. Plaintiff's counsel subsequently sought two extensions of this deadline. ECF Nos. 17, 19. The Court granted these requests and extended the deadline for Plaintiff to file the motion to remand until July 17, 2015. ECF No. 20. However, before this deadline passed, Plaintiff's counsel moved to withdraw from the case. ECF No. 22. Before the motion to withdraw was granted, Plaintiff's counsel sought a third extension of time until September 1, 2015 to file the motion to remand in order to give Plaintiff additional time to find new counsel. ECF No. 23. The Court then granted

this third requests for an extension of time.  Plaintiff thereafter did not obtain counsel or file the motion to remand by this new September 1, 2015 deadline and the Court, therefore, on October 7, 2015, ordered Plaintiff to show cause by October 19, 2015, why the deadline to file the motion to remand should be extended again. ECF No. 26. The Court also warned Plaintiff that failure to comply could result in the dismissal of the lawsuit without prejudice. ECF No. 26.  On October 9, 2015, the Court sua sponte quashed its order to show cause because Plaintiff had not received the updated briefing schedule.  On this same day, the Court also entered a new briefing schedule. ECF No. 27.  Under the new briefing schedule, Plaintiff was given an additional two months until December 8, 2015, to file the motion to remand. ECF No. 27.  Plaintiff did not file the motion to remand by this date and so, on December 30, 2015, the Court issued a second show cause order in which it directed Plaintiff to show cause by January 15, 2016, as to why the motion to remand had not been filed.  ECF No. 28.  The Court also warned Plaintiff that failure to comply with the order to show cause could result in dismissal of the case without prejudice. ECF No. 28. Plaintiff did not respond to the order to show cause and, therefore, on January 21, 2016, the Court dismissed his case without prejudice.  ECF No. 29.  On February 12, 2016, Plaintiff filed his motion for reconsideration.  ECF No. 31.  In the motion, Plaintiff represents that he has been unable to obtain counsel but requests that the dismissal be set aside and that his case be reopened.  ECF No. 31.

  The Court construes Plaintiff's motion for reconsideration as a motion under Fed.R.Civ.P. 60(b)(1), which provides that a court may relieve a party from a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect."  The movant carries the burden of pleading and proving the grounds for relief. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).  Reconsideration under Rule 60(b) may only be granted in exceptional

circumstances. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Whether to grant a Rule 60(b) motion rests within the trial court's discretion. *Beugler v. Burlinton N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). Because Plaintiff is proceeding pro se, the Court must liberally construe his motion. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In determining excusable neglect, the Court must examine "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). The Court's determination is fundamentally "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

In consideration of the factors above, the Court finds that the length of time that has transpired since this case was filed would create some prejudice to Defendant if the case was reopened, but that the extent of this prejudice is reduced by the fact that the Court dismissed the case without prejudice before consideration of its merits. *But see Galleher v. Astrue*, Civ. No. 13-1092, 2014 WL 789207, *2 (D. Kan. February 26, 2014) (discussing prejudice to the Commissioner due to a claimant's failure to prosecute the case, including the needless devotion of resources toward the case) (unpublished). Further, there is no indication that the delays in this case are the result of bad faith on Plaintiff's part. The Court concludes, however, that on balance, Plaintiff has failed to establish excusable neglect.

Plaintiff states that his failure to file the motion to remand is based on his inability to obtain counsel. ECF No. 31. However, given Plaintiff's representations in the motion to reconsider,

reopening the case in order to provide Plaintiff additional time to obtain counsel is unwarranted. Plaintiff has had ten months to obtain counsel. Plaintiff represents that he has "called every single attorney that deals with social security cases at [the] federal level [a]nd not one attorney would take my case." ECF. No. 31. Plaintiff further represents that he also contacted "out of state attorneys and had no luck." ECF No. 31. Thus, given Plaintiff's representations regarding his exhaustive efforts to obtain counsel, the Court is not convinced that any further extensions will result in Plaintiff obtaining counsel or otherwise successfully prosecuting his case. *See Galleher*, 2014 WL 789207 at *2 (stating that one factor supporting dismissal in that case was that the plaintiff's "responses so far do not indicate that any amount of time will result in production of a [s]ocial [s]ecurity [b]rief").

Furthermore, Plaintiff's inability to obtain counsel has no bearing on his failure to respond to the Court's order to show cause. Plaintiff could have timely raised issues regarding his failure to obtain counsel but apparently chose not to respond until two months after the motion to remand was due, six weeks after the Court entered the order to show cause, and nearly three weeks after the case was dismissed. Plaintiff provides no reason as to why his failure to timely respond to the order to show cause should be excused. Accordingly, the Court will deny Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE